UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

CIVIL ACTION NO. 13-96-DLB-HBG

KENNETH KELLEY, **PLAINTIFF**
as the son, next of kin, and heir at law of
JIMMY L. KELLEY, deceased,

VS. **MEMORANDUM OPINION AND ORDER**

HOWARD BERGER COMPANY, INC., et al. **DEFENDANTS**

\* \* \* \* \* \* \* \*

This matter is currently before the Court on Defendant Apria Healthcare, Inc.'s Motion to Dismiss (Doc. # 28). Plaintiff having filed his response (*see* Doc. # 42), and no reply having been filed, and the time for such reply having now expired, the motion is ripe for review. For the reasons set forth below, the Court will **deny** the motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The following facts are derived from the Complaint and are assumed to be true for the purposes of the instant motion. Jimmy L. Kelley was killed when a fire erupted in a travel camper in which he was residing. His son, Plaintiff Kenneth Kelley, initiated the instant case with the filing of a Complaint on February 20, 2013, alleging several causes of action against (among others) Defendant Apria Healthcare, Inc., the supplier of various oxygen tanks, regulators, conserving regulators, and an oxygen communicator, used by the decedent to deliver the oxygen he needed to breathe. (*See* Doc. # 1). Plaintiff alleges that the devices supplied by Defendant leaked oxygen and that "this oxygen caused, contributed to, or intensified the fire that killed the Decedent." (Doc. # 42, at 1). He also

1

alleges several causes of action against Defendants Howard Berger Company, Inc. and/or Howard Berger Company, LLC, the manufacturer of a space heater that decedent used to heat his camper. (*See* Doc. # 1).

Plaintiff brings claims against Defendant Apria Healthcare, Inc. for violation of the Tennessee Product Liability Act, breach of express warranty, breach of implied warranty of merchantability, breach of implied warranty for fitness for a particular purpose, common law negligence, res ipsa locquitur, strict liability, failure to warn, and seller liability. (*See id.*). All of Plaintiff's claims are based on design defect and failure to warn theories of liability.

Defendant April Healthcare, Inc. has filed the instant Motion to Dismiss (Doc. # 28) seeking dismissal of all counts pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Analysis of that motion follows below.

## II. ANALYSIS

### A. Standard of Review

Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing a Rule 12(b)(6) motion to dismiss, this Court "must construe the complaint in a light most favorable to the plaintiff, and accept all of [his] factual allegations as true. When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor." *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citations omitted). The Court, however, is not bound to accept as true unwarranted factual inferences, *Morgan v.*

2

*Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987), or legal conclusions unsupported by well-pleaded facts. *Teagardener v. Republic-Franklin Inc. Pension Plan*, 909 F.2d 947, 950 (6th Cir. 1990).

To survive a motion to dismiss, the complaint "does not need detailed factual allegations," *Twombly*, 550 U.S. at 555, but it must present "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. To satisfy this standard, the complaint must provide "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555. The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

### B. Defendant's Motion To Dismiss

Although Plaintiff has asserted various claims against Defendant, each of them fall under the Tennessee Product Liability Act of 1978, T.C.A. §§ 29-28-101, *et seq.* As this Court has previously explained:

> [I]t makes no difference whether the complaint is couched in terms of negligence, strict liability or breach of warranty, it has generally been held in the State of Tennessee that in order for a plaintiff to recover under any theory of product liability, the plaintiff must establish that the product was defective and unreasonably dangerous at the time the product left the control of the manufacturer.

*Maness v. Boston Scientific*, 751 F.Supp.2d 962, 967 (E.D. Tenn. 2010) (citation omitted). To survive a Rule 12(b)(6) motion to dismiss to his claims, Plaintiff must assert facts showing "(1) the product was defective and/or unreasonably dangerous, (2) the defect existed at the time the product left the manufacturer's control, and (3) the plaintiff's injury was proximately caused by the defective product." *Id.* at 968 (citation omitted).

Defendant argues that Plaintiff has not met this pleading burden as to the first and third elements because he has not identified a specific defect or design flaw in the

3

equipment it supplied to the decedent, and because he fails to connect the decedent's death to the equipment. According to Defendant, Plaintiff merely asserts in conclusory fashion that the equipment was defective and/or unreasonably dangerous, and that the decedent was subsequently harmed.

Defendant attempts to analogize this case to *Maness*. In that case, the plaintiff brought a product liability action under the Tennessee Product Liablity Act against the product manufacturer for injuries she sustained after having a spinal cord simulation system device implanted. *Id.* at 964-65. Her complaint alleged that the "defective medical device [the Device] was not fit for the purpose intended and was defective and therefore caused the plaintiff harm." *Id.* at 969. She alleged no facts demonstrating that the device caused her injuries. In considering the defendants' motion to dismiss, the court noted that it was insufficient for the plaintiff to merely allege that she had been injured; rather, it explained that the plaintiff's burden was to "trace the injury to some specific error in construction or design of the [product]" and to allege facts showing that the specific defect caused her pain. *Id.* at 970-71 (quotation omitted). The court granted the motion to dismiss because it found that the plaintiff had failed to offer any facts from which the court could infer that the device was defective or unreasonably dangerous, and proximately caused the plaintiff's injuries. *Id.* at 969-972. Defendant argues that Plaintiff's Complaint suffers from the same deficiencies. The Court disagrees.

Plaintiff specifically alleges that the equipment supplied by Defendant was defective or unreasonably dangerous because it leaked oxygen and because Defendant failed to outfit the equipment with "proper safety mechanisms, including, but not limited to, mechanisms that would prevent oxygen from leaking and/or mechanisms that would have

4

prevented the creation of a fire and/or prevented the intensity of the fire from increasing." (Doc. # 1, at ¶¶ 25, 70). Unlike the plaintiff in *Maness*, therefore, Plaintiff identifies a specific product defect. His Complaint is thus more similar to the one at issue in *Friedman v. Intervet Inc.*, No. 3:09CV2945, 2010 WL 2817257 (S.D. Ohio July 16, 2010), which this Court cited in *Maness* as an example of an adequately pleaded product liability complaint. In *Friedman*, the plaintiff alleged "specific problems with the product [a veterinary pharmaceutical used to treat diabetes in animals]; namely, that test results showed the product was out of specification with regard to its primary compound, and that this was a deviation from the product's intended characteristics." *Maness*, 751 F. Supp. 2d at 970 (quoting *Friedman*, 2010 WL 2817257, at *3). The Court held that these allegations sufficiently identified a product defect so as to withstand the defendant's Rule 12(b)(6) motion. *Id.* So too here, because Plaintiff adequately identifies a product defect in the oxygen equipment, he has met his pleading burden as to the first element of his product liability claims.

As to the third element—proximate causation—the Court agrees with Defendant that Plaintiff's Complaint is rather vague. It mentions that a fire erupted in the camper, that the oxygen equipment leaked oxygen, that the equipment lacked safety mechanisms to prevent it from creating or contributing to a fire, and that the space heater posed a serious danger of malfunctioning and causing a fire. Missing from these allegations is a coherent theory of causation. How did the fire start? What role, if any, did the oxygen equipment play? The Complaint does not clearly answer these questions.

Nevertheless, the Court finds that Plaintiff adequately remedies the confusion in his response brief (Doc. # 42). There, Plaintiff clarifies that "[o]xygen is flammable and the

5

presence of oxygen is extremely dangerous and likely to cause a fire or increase the intensity of any fire that is started." (*Id.* at 2). He further explains that "the products provided by Apria Healthcare were defective because these devices leaked oxygen and this defective state caused the plaintiff's injuries in that it caused, contributed to, or intensified the fire that killed Mr. Kelley." (*Id.* at 3). These statements, in conjunction with the allegations in the Complaint, sufficiently allege a causal link between the alleged product defect—leaking oxygen—and the decedent's death: namely, that the leaking oxygen either caused the fire that killed decedent, or intesified a pre-existing fire. *See generally*, *Pegram v. Hendrich*, 530 U.S. 211, 229 n.10 (2000) (a pleader's statement in a legal memorandum may be used to "clarify allegations in her complaint whose meaning is unclear").

Plaintiff has thus satisfied his burden by giving Defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson*, 551 U.S. at 93 (citation omitted), and by providing "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. The Court will therefore deny Defendant's motion to dismiss.

### III. CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1) Defendant Apria Healthcare, Inc.'s Motion to Dismiss (Doc. # 28) is hereby **DENIED**; and

(2) Defendant Apria Healthcare, Inc. shall file its Answer on or before **August 26, 2013**.

This 5th day of August, 2013.



Signed By:
*David L. Bunning*
United States District Judge

G:\DATA\Opinions\Knoxville\13-96 MOO denying MTD.wpd