UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KENNETH KELLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) No. 3:13-CV-096-PLR-HBG |
| v. | ) |
| | ) |
| APRIA HEALTHCARE, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion to Amend his Third Amended Complaint [Doc. 148]. In his motion, Plaintiff moves the Court to permit him to amend his complaint to *inter alia* update his claims to reflect settlements reached with certain defendants, add more specific allegations of negligence, add an allegation of negligence per se, add allegations based upon the doctrine of *res ipsa loquitur*, increase the Plaintiff's demand for compensatory damages from $5,000,000 to $9,000,000; and modify Plaintiff's demand for punitive damages.

Defendant Apria Healthcare LLC has responded in opposition. [Doc. 156]. Apria argues that the Court should deny the Plaintiff's motion because Plaintiff seeks to add new facts and causes of action that are different in time and type from those set forth in his previous pleadings. Additionally, Apria alleges that Plaintiff's undue delay in filing, Plaintiff's failure to cure deficiencies through previous amendments, the prejudice to Apria, and the futility of the proposed amendments support denying the motion.

Rule 15 provides that leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[A] motion for leave to amend must state with particularity the grounds for amendment," Patterson v. Novartis Pharms. Corp., 451 F. App'x 495, 499 (6th Cir. 2011), and pursuant to Local Rule 15.1, a party moving to amend its pleading must attach a copy of the proposed pleading to their motion to amend.

A court may deny a motion for leave to amend based on "undue delay, bad faith or dilatory motive . . . [or] futility of amendment." Prater v. Ohio Educ. Ass'n, 505 F.3d 437, 445 (6th Cir. 2007) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

As an initial matter, the Court finds that the Plaintiff has complied with Local Rule 15.1 by attaching a copy of his proposed pleading to his motion. Further, the Court finds that the Plaintiff has stated his grounds for amending with particularity.

Thus, the Court turns to Apria's objections. The record before the Court does not support finding undue delay, bad faith, or dilatory motive. The instant motion was filed within the deadline for amending pleadings, as set by the District Judge. While the undersigned is mindful that the trial in this matter is set to commence in approximately four months, the Court finds that Apria has been aware of the proposed amendments for over a month and will have until September 10, 2015, to take discovery on the amended claims. Finally, the Court would note that in a Memorandum and Order to be entered contemporaneously to the instant Memorandum and Order, the undersigned will deny the Plaintiff's request to extend the deadline for filing additional motions to amend. Thus, Apria can now prepare for trial based upon this final pleading.

With regard to the allegations of futility, the Court finds that the District Judge can consider the futility of the proposed amendments through the pending dispositive motions, as she deems appropriate.
2

Case 3:13-cv-00096-PLR-HBG   Document 172   Filed 08/11/15   Page 2 of 3   PageID #: 1476

Based upon the foregoing, the undersigned finds that justice requires that the Court permit the Plaintiff to make these final amendments to his pleading. Accordingly, the Motion to Amend **[Doc. 148]** is **GRANTED**. Plaintiff shall file his proposed amended complaint [Doc. 148-1] as his operative pleading in the record on or before **August 17, 2015**.

**IT IS SO ORDERED**.

ENTER:

*/s/ Bruce Guyton*
United States Magistrate Judge