UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KENNETH KELLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | No. 3:13-CV-096-PLR-HBG |
| v. ) | |
| ) | |
| APRIA HEALTHCARE, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion to Modify Scheduling Order to Extend Deadline for Filing Motions to Amend Pleadings [Doc. 149], filed July 10, 2015. In this motion, Plaintiff moves the Court to extend the deadline for filing motions to amend from July 10, 2015, to September 9, 2015.[1] In support of this request, Plaintiff states that the deadline for taking discovery in this case expires September 9, 2015 and the Plaintiff's expert disclosures are not due until August 18, 2015. Plaintiff submits that he may desire to amend his complaint in light of information brought forth in discovery or through expert disclosures.

Defendant Apria responds that Plaintiff's request to modify the scheduling order to allow for amendment of pleadings until September 9, 2015, is illogical, because discovery would close on the same day that Plaintiff may file a motion to amend its pleadings to presumably raise new

---

[1] In other filings, the parties have identified the deadline for completing discovery as being September 10, 2015. [See, e.g., Doc. 170]. Whether the deadline expires on September 9 or 10, 2015, is inconsequential to the instant decision. However, in briefing the instant motion, both parties referred to September 9 as the deadline, and the Court has done the same.

and/or amend facts and claims. Apria maintains that this convergence of deadlines would prevent Apria from taking additional discovery related to these new claims. Apria contends that Plaintiff should have known the discovery that needed to be taken in this case in 2013, and discovery should not be the basis for again extending the deadline for amending pleadings. Apria notes that if the time for filing motions to amend were extended, Plaintiff would presumably attempt to present a fifth amended pleading. Apria argues that it would be severely prejudiced if the Court were to permit the Plaintiff to again amend his complaint.

While Rule 15(a) instructs that leave to amend will be freely given "when justice so requires," Rule 16(b) states that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Additionally, the Scheduling Order entered in this case reiterates: "**The schedule will not change except for good cause.**" [Doc. 124 at 1 (emphasis in the original)].

Rule 16(b) is "designed to ensure that 'at some point both the parties and the pleadings will be fixed.'" Leary v. Daeschner, 349 F.3d 888, 906 (6th Cir. 2003) (quoting Fed. R. Civ. P. 16, 1983 advisory committee's notes). "[A] court choosing to modify the schedule upon a showing of good cause, may do so only 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. "Another important consideration for a district court deciding whether Rule 16's 'good cause' standard is met is whether the opposing party will suffer prejudice by virtue of the amendment." Id. (citing Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002)).

In the instant motion, Plaintiff moves the Court to extend the deadline for amending the pleadings in this case. While the more liberal standard for amending contained in Rule 15 is applicable to the underlying request to amend, the request for additional time to file a motion to amend is governed by the good-cause standard discussed above. For the reasons stated below,

the Court finds that the Plaintiff has not demonstrated good cause to modify the Scheduling Order.

This case was filed approximately two and a half years ago on February 20, 2013. A scheduling order was entered by the Honorable David L. Bunning, United States District Judge, on September 6, 2013. This scheduling order did not set a deadline for filing motions to amend. However, it required that fact discovery be completed by May 31, 2014.

On February 6, 2014, Plaintiff filed his first motion to amend, which was granted on February 10, 2014, [Doc. 90]. Plaintiff filed his first amended complaint on February 14, 2014. Following ruling on a dispositive motion, Plaintiff filed his second amended complaint on March 6, 2014, [Doc. 102], and on March 18, 2014, Plaintiff moved to again amend his complaint, [Doc. 104]. This request was granted on April 11, 2014, and the third amended complaint was filed on April 18, 2014, [Doc. 111].

On May 13, 2014, this case was reassigned to the Honorable Pamela L. Reeves, United States District Judge, and on June 30, 2014, Judge Reeves entered a Scheduling Order, which modified certain deadlines in this case. It directed that any motions to amend be filed no later than 150 days prior to the trial date of December 8, 2015. [Doc. 124]. Thus, Plaintiff had up to and including July 10, 2015, in which to move to again amend his complaint. On July 10, 2015, Plaintiff filed the instant motion and another motion to amend [Doc. 148], which requested leave to file the Plaintiff's fourth amended complaint.

Given this history and procedural posture, the Court cannot find that Plaintiff could not have reasonably complied with the deadline of July 10, 2015. To the contrary, the Plaintiff had over two years to amend his pleadings and did amend his pleadings on three occasions, and in an Order entered contemporaneously hereto, the Court has granted the Plaintiff's request to file a fourth amended complaint. The fourth amended complaint: updates the Plaintiff's claims to

3

reflect settlements reached with certain defendants; adds more specific allegations of negligence; adds an allegation of negligence per se; adds allegations based upon the doctrine of *res ipsa loquitur*; increases the Plaintiff's demand for compensatory damages from $5,000,000 to $9,000,000; and modifies Plaintiff's demand for punitive damages.

The District Judge specifically set the motion to amend deadline to expire 60 days prior to the deadline for taking discovery. The Court cannot find that the fact that additional discovery may be taken is not a basis for extending the deadline for amending. To the contrary, it would impose a significant burden on Apria if the Plaintiff were permitted to change his claims on the same date that the time for completing discovery expired. The Court finds that Apria would be prejudiced by the relief requested by Plaintiff.

Based upon the foregoing, the Court finds that the Plaintiff has not shown good cause for modifying the Scheduling Order, see Fed. R. Civ. P. 16, and therefore, the Motion to Modify Scheduling Order to Extend Deadline for Filing Motions to Amend Pleadings **[Doc. 149]** is **DENIED**.

**IT IS SO ORDERED**.

ENTER:

_____
United States Magistrate Judge