UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KENNETH KELLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) No. 3:13-CV-096-PLR-HBG |
| v. | ) |
| | ) |
| APRIA HEALTHCARE, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion to Modify Scheduling Order and/or Motion to Compel [Doc. 170]. In this motion, Plaintiff moves the Court to reconsider its previous ruling, which granted an extension of the deadline for filing motions but limited the extension to one week and to motions relating to a single topic. Plaintiff renews his previous request to allow the parties up to the close of discovery on September 10, 2015, in which to file a motion to compel.

Plaintiff states that he has served Requests for Production on Defendant Apria Healthcare LLC, the responses to which are not yet due. Plaintiff fears that he will have no mechanism for forcing Defendant Apria Healthcare LLC to respond to these Requests or to produce witnesses for certain depositions. Therefore, he moves the Court to extend the deadline for filing motions to compel to September 10, 2015, the date on which the deadline for taking discovery expires. If the deadline for filing motions to compel is not extended, Plaintiff argues that the Court should

order Apria to comply with the discovery and deposition requests described in his motion despite the fact that Plaintiff's time for filing a motion to compel has expired.

As an initial matter, the Court finds that the instant motion is, in substance, a motion to reconsider the Court's previous rulings [Docs. 172, 173]. Courts will reconsider orders when there is: "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 Fed. App'x 949, 959 (6th Cir. 2004) (citing Reich v. Hall Holding Co., 990 F. Supp. 955, 965 (N.D. Ohio 1998)). The Plaintiff has failed to demonstrate any basis for reconsidering the Court's previous ruling, and thus, the relief sought could be denied on that basis alone.

Notwithstanding, the Court has again considered the Plaintiff's request that the deadline for filing motions to compel be extended, but the Court finds that this request is not well-taken for several reasons. First, the District Judge intentionally set the deadline for motions to compel to expire thirty days before the deadline for completing discovery. In fact, both deadlines are presented in the same paragraph of the Scheduling Order:

> **All Discovery:** All discovery, including the taking of depositions "for evidence," shall be completed by ninety (90) days before trial. (Motions to compel must be filed at least thirty (30) days before this deadline).

[Doc. 124 at 3]. The District Judge's decision to stagger these deadlines indicates her intention to have motions to compel filed in a manner that would allow them to be disposed of prior to the close of discovery. The undersigned is not inclined to disregard the District Judge's well-reasoned schedule for this case, absent a showing of good cause, and the Plaintiff has not demonstrated any basis for finding that the deadlines set by the District Judge were unworkable in this case. Moreover, these deadlines have been known to Plaintiff and his counsel for over a year, yet Plaintiff's counsel elected to delay taking the discovery at issue until this late date.

2

Further, the Court finds that the only issue that was timely brought to the Court's attention for a discovery-dispute conference was Apria's request for production of settlement documents. The Court found that good cause existed for granting a brief reprieve from the deadline for filing motions to compel with regard to this particular issue, and the Court granted such relief. The Court, however, cannot find that good cause exists for extending the deadline for three additional weeks and on numerous topics.

Finally, the Court finds that the Plaintiff's request that the Court order Apria to comply with the discovery that remains outstanding is an unnecessary request for relief. Apria, like all other parties before this Court, is bound to respond to and participate in discovery without the need for a court order, see Fed. R. Civ. P. 26, 30, 33, 34, 37, and the Court fully expects that Apria will comply with its obligations under the Federal Rules of Civil Procedure, without the threat of a motion to compel looming. Accordingly, the Court will not enter an order preemptively directing Apria to respond to the discovery.

Based upon the foregoing, the Court finds that the Motion to Modify Scheduling Order and/or Motion to Compel **[Doc. 170]** is not well-taken, and it is **DENIED**.

**IT IS SO ORDERED**.

ENTER:

*/s/ Bruce Guyton*
United States Magistrate Judge