UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KENNETH KELLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) No. 3:13-CV-096-PLR-HBG |
| v. | ) |
| | ) |
| APRIA HEALTHCARE, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion to Amend Answer [Doc. 144], filed by Defendant Apria Healthcare LLC ("Apria"), on July 3, 2015. In its motion, Apria moves the Court to permit it to amend its Answer to name WUXI XINFENG CAPACITOR CO., LTD., *a/k/a* Dianz, ("Dianz"), as a potentially liable third party. The Plaintiff has responded in opposition, [Doc. 155], and Apria has filed a final reply in support of its position, [Doc. 158]. The Court has fully considered the parties' positions and the procedural posture of this case, and the Court finds that Apria's request is well-taken.

First, the Court finds that Apria's motion was timely-filed under the Court's Scheduling Order. Further, the Court finds that Plaintiff's objection to Apria adding Dianz at this late date is not a persuasive basis for denying the requested relief, especially given that Plaintiff sought and was granted leave to amend his pleading after Apria filed the instant motion. [*See* Doc. 148,

172]. Finally, the Court finds that justice is best served by permitting Apria to attempt to bring this potentially liable third party before the Court. Accordingly, the Court finds that justice requires that Apria be permitted to amend its Answer, see Fed. R. Civ. P. 15.

Determining when Apria should enter its amended pleading into the record is somewhat challenging. On August 11, 2015, the undersigned entered a Memorandum and Order [Doc. 172], permitting the Plaintiff to amend his Complaint on or before August 17, 2015. On August 17, 2015, Plaintiff filed his Fourth Amended Complaint [Doc. 182], and on the same date, Apria appealed the undersigned's ruling to the District Judge. Apria has not answered the Fourth Amended Complaint, presumably because Apria views its appeal as tolling its time to answer. Therefore, the Court finds that it is appropriate to afford two forms of alternative relief to Apria, depending upon the District Judge's ruling on the pending appeal.

Accordingly, the Motion to Amend **[Doc. 144]** is **GRANTED** in that: (1) if the District Judge affirms the undersigned's ruling [Doc. 172], permitting the Plaintiff to file his Fourth Amended Complaint, then Apria **SHALL** file an amended answer to the Fourth Amended Complaint within **five (5) days** of the District Judge issuing her ruling; or (2) if the District Judge vacates the undersigned's ruling [Doc. 172], permitting the Plaintiff to file his Fourth Amended Complaint, then Apria **SHALL** file an amended answer to the Third Amended Complaint within **five (5) days** of the District Judge issuing her ruling, so long as doing so would not be otherwise inconsistent with the District Judge's Order.

**IT IS SO ORDERED**.

ENTER:

*[signature: Bruce Guyton]*
United States Magistrate Judge