UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| KENNETH L. KELLEY, as the son, next of kin, and heir at law of JIMMY L. KELLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:13-cv-096 |
| | ) | (REEVES/GUYTON) |
| APRIA HEALTHCARE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court are several Motions for Protective Orders [Docs. 183, 188, and 189] filed by former defendants Precision Medical, Inc., Howard Berger, Inc., Howard Berger Company (collectively, "Howard Berger"), and the Plaintiff, respectively. The Defendant, Apria Healthcare, Inc., ("Apria") filed a Motion to Compel [Doc. 186] and responses [Docs. 204, 205, 206] in opposition to the Motions for Protective Orders. In return, former defendants Precision Medical, Howard Berger, and the Plaintiff filed responses [Docs. 203, 207, 208] to Apria's Motion to Compel.

The Court finds that these motions are now ripe for adjudication, and for the reasons stated herein, the Court **GRANTS** Apria's Motion to Compel [Doc. 186], **GRANTS in part and DENIES in part** Plaintiff's Motion for a Protective Order [Doc. 189], and **DENIES as MOOT** Precision Medical's and Howard Berger's Motions for Protective Orders [Docs. 183 and 188].

## I. BACKGROUND

The original Complaint in this case was filed on February 20, 2013, and recently amended on August 17, 2015 [Doc. 182]. The Complaint stems from an incident occurring on February 21, 2012, wherein a fire erupted in a traveling camper, killing the occupant. The decedent's son originally brought suit against several companies that manufactured and sold certain devices, including oxygen regulators, that the decedent was using. The Complaint alleges that Apria provided several of the devices to the decedent but failed to instruct him on how to properly use such devices. In addition, the Plaintiff alleges that the oxygen devices leaked oxygen.

Relevant to the instant action, the Plaintiff resolved his claims against all other defendants, except Apria. Apria has moved the Court for an order compelling the Plaintiff to produce the settlement agreements he entered into with the former defendants, along with a copy of all the canceled checks evidencing the settlements paid to the Plaintiff. The Plaintiff, along with several former defendants, object to Apria's request and have moved for protective orders.

## II. POSITIONS OF THE PARTIES

As mentioned above, the instant motions and responses relate to the production of settlement agreements and the amounts thereof. The Court will first summarize the motions for protective order and the responses and then turn to the motion to compel and its responses.

In sum, the Motions for Protective Order request that the Court forbid disclosure or discovery of the settlement agreements entered into between the Plaintiff and the former defendants. With respect to Precision Medical [Doc. 183], it argues that the threshold issue in any discovery dispute is whether the requested discovery meets the requirements of Federal Rule of Civil Procedure 26 regarding relevance. Precision Medical asserts that the settlement

agreement between it and the Plaintiff is not relevant for trial. Precision Medical cites Tennessee Code Annotated § 29-11-105(b) to argue that evidence of a release may not be introduced by a defendant at trial but may be introduced upon motion after judgment to reduce a judgment by the amount stipulated to in the release. To the extent the Plaintiff's claims arise under common law negligence, Precision Medical asserts that the defendants are not jointly and severally liable and a non-settling defendant is not entitled to a credit for the amounts paid by a settling defendant. Finally, Precision Medical cites to Federal Rule of Evidence 408 to argue that such evidence is not admissible.

Former defendant Howard Berger also moved [Doc. 188] the Court for a protective order arguing that its settlement agreement and the amount thereof have no effect on whether Apria was at fault. Howard Berger submits that the percentage of fault is a jury determination. It asserts that Apria should not be allowed to use the settling defendants' settlement agreements at trial in an attempt to reduce the amount of fault apportioned to it or to ensure that it does not pay more than its fair share of damages. Howard Berger agrees that a non-settling defendant may seek to admit a settlement agreement to allege that the settling defendant is a biased witness but submits that the settling defendant must first be a witness. In the alternative that the Court orders the production of the settlement agreement, Howard Berger requests that the Court enter a protective order.

The Plaintiff's Motion for a Protective Order [Doc. 189] requests that the Court forbid the disclosure of any settlement agreement in this case. The Plaintiff submits that the settlement agreements contain confidentiality provisions and that the information contained therein is not discoverable, relevant, or admissible. The Plaintiff adopted the positions argued in Precision Medical's and Howard Berger's motions.

Apria filed responses [Docs. 204, 205, 206] to Howard Berger's, Precision Medical's, and the Plaintiff's motions stating that the motions failed to comply with the federal and local rules. Second, Apria contends the settlement agreements are clearly discoverable and relevant to the underlying suit between the Plaintiff and Apria. Apria asserts that it intends to show that either the Plaintiff or representatives for Howard Berger and Precision Medical have motivations to attribute liability to Apria rather than to the former defendants.

Apria moves [Doc. 186] the Court to compel the Plaintiff to produce all the settlement agreements the Plaintiff entered into with the previous defendants and to produce the cancelled checks evidencing the settlements paid to the Plaintiff. Apria explains that it is not seeking any settlement communications, negotiations, or other statements made in connection with the settlement. Apria asserts that the settlement agreements are relevant and within the scope of permissible discovery. Apria argues that "settlements with other parties to the litigation tend to make the fact that Plaintiff has already been made whole more or less probable than it would be without the settlement information." [Doc. 187]. In addition, Apria argues that the settlement documents relate to its comparative defense. Furthermore, Apria seeks to admit the settlement agreements to show Plaintiff's bias, prejudice, intent, or state of mind. Finally, Apria asserts that the settlement agreements are not barred by confidentiality provisions and that the settling defendants do not have standing to object to the discovery requests.

In response to Apria's assertion that settling defendants do not have standing to object to the discovery requests, Precision Medical argues [Doc. 203] that it has an "undeniable interest in the disclosure of a confidential agreement to which it was a party." Precision Medical submits that its status as a former defendant allows it to seek protection from the Court with respect to the

settlement agreement entered into during a time when the Court had jurisdiction over the Plaintiff and Precision Medical.

Howard Berger filed a Response [Doc. 207] to Apria's Motion to Compel. With respect to the issue of standing, Howard Berger submits that the Court in a previous Order allowed parties and "interested third parties" to file a motion for a protective order. Howard Berger submits that it would waste judicial resources to require it to intervene in this matter to protect its interest in the settlement agreement. In addition, it states that Rule 26 of the Federal Rules of Civil Procedure gives the Court authority to issue a protective order whenever there is a need to protect "a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Howard Berger also argues that it is irrelevant whether the Plaintiff has been "made whole" because the Tennessee Made Whole Doctrine applies to protect the right of an insured to be made whole before subrogation is enforced. Thus, the doctrine is inapplicable. Finally, Howard Berger submits that since the Plaintiff is adverse to Apria, Apria does not need the settlement agreement to show the Plaintiff's bias, prejudice, intent, or state of mind.

Finally, the Plaintiff filed a response [Doc. 208] to Apria's Motion to Compel, relying upon its arguments previously set forth. The Plaintiff requests that the Court deny the Motion to Compel or in the alternative, enter an appropriate protective order.

## III. ANALYSIS

The Court has reviewed the filings as set forth above. For the reasons more fully explained below, the Court finds Apria's Motion to Compel to be well-taken, and it is **GRANTED.**

**A. Standing**

Apria asserts that Howard Berger and Precision Medical lack standing to request protective orders. Federal Rule of Civil Procedure 26(c)(1) provides that "[a] *party or any person from whom discovery is sought* may move for a protective order in the court where the action is pending." (Emphasis added). The Rule also provides the Court with the authority to issue "for good cause . . . an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Id. Citing to Rule 26(c)(1), Apria argues that Howard Berger and Precision Medical are no longer parties in this action and Apria did not request discovery from them.

First, Apria sought discovery from the Plaintiff, and the Plaintiff moved for a protective order. Clearly, the Plaintiff has standing to challenge the discovery requests, and no party has argued otherwise. In its filings, the Plaintiff adopted the positions of Howard Berger and Precision Medical instead of filing duplicate briefs. Moreover, the Court notes, "Many district courts have acknowledged this aspect of the rule which allows a party to file a motion for protective order on behalf of a non-party." Fleet Business Credit Corp. v. Hill City Oil Co., Inc. No. No. 01-2417-GV, 2002 WL 1483879, at *2 (W.D. Tenn. June 26, 2002). Accordingly, because the Plaintiff filed his own motion requesting the same relief, the Court need not address whether Howard Berger and Precision Medical have standing to request a protective order pursuant to Rule 26(c).

**B. Settlement Agreements and Checks**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides, in relevant part, "Parties may obtain discovery regarding any *non-privileged* matter that is relevant to any party's claim or

defense and proportional to the needs of the case." (Emphasis added).[1] Although the Sixth Circuit recognizes that the settlement privilege protects settlement negotiations from discovery, "this privilege does not extend to the terms of the final agreement." State Farm Mutual Automobile v. Physiomatrix, Inc., No. 12-cv-11500, 2014 WL 10294813, at *1 (E.D. Mich. Apr. 24, 2014) (citing Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc., 332 F.3d 976, 981 (6th Cir. 2003)). Moreover, a number of district courts have recognized that settlement agreements are not privileged. Oberthaler v. Ameristep Corp., No. 5:08-1613, 2010 WL 1506908, at 1 (N.D. Oh. Apr. 13, 2010); State Farm, 2014 WL 10294813, at *1; Wagner v. Circle Mastiffs, No. 2:09-cv-0172, 2013 WL 2096655, at *3 (S.D. Oh. May 14, 2013). "This is true even where the agreement is designated as 'confidential.'" State Farm, 2014 WL 10294813, at *1.

Because a settlement agreement is not privileged, the only questions before this Court are whether the settlement agreement is relevant and whether the request for the settlement agreement is proportional to the needs of the case. See Fed. R. Civ. P. 26(b)(1). Apria offers the following reasons as to why the settlement agreements and checks are relevant. First, Apria states that they will help determine whether the Plaintiff has been made whole and for comparative fault purposes. Second, Apria wants to use the settlement agreements and checks to establish bias on the part of the Plaintiff and other potential witnesses.

With respect to Apria's first stated reason, the Court finds that Apria failed to sufficiently explain how these purposes are relevant to the case. Thus, Apria's motion will not be granted on those grounds. With respect to the second stated reason, however, the Court finds that Apria has established that the settlement agreements and checks are relevant. See Wagner v. Circle W.

[1] Several revisions to the Federal Rules of Civil Procedure became effective on December 1, 2015, and govern "insofar as just and practicable, all proceedings then pending." Order Regarding Amendments to Fed. R. Civ. P., — U.S.— (2015).

Mastiffs, No. 2:09-cv-0172, 2013 WL 2096655, at *6 (S.D. Ohio May 14, 2013) (explaining that with issues of bias, "settlement agreements frequently are found to be discoverable in order to allow the requesting party to explore these issues with respect to witnesses"). In Goodyear, the Sixth Circuit noted, "[T]here is no point in introducing bias evidence against a party-opponent. Any Goodyear executive who takes the stand on Goodyear's behalf will be presumed biased in favor of the company position." 332 F.3d at 982. The Court will not grant such a motion based on the bias of "potential" witnesses or to show that the Plaintiff is biased. In this case, however, Apria intends to show the Plaintiff has cause to be biased in favor of a third party, such as Howard Berger. The Court finds that this is sufficient under Rule 26. See Hadfield v. Newpage Corp., No. 5:14-cv-00027, 2016 WL 427924, *3 (W.D. Ky. Feb. 3, 2016) (explaining that the threshold to show relevancy is "relatively low"). The Court does not, however, opine on whether such evidence is admissible at trial, and the parties are permitted to file motions *in limine* as set forth in the Scheduling Order.

The Court has also weighed the Rule 26(b)(1) factors and finds that these factors weigh in favor of producing the settlement agreement. Because the terms are confidential, the Defendant will not be able to access this information from another source, and the Plaintiff's access is relatively easy. While no party has alleged that producing the settlement agreements will resolve the case, there is little burden or expense, if any, on the part of the Plaintiff to produce the settlement agreements. Moreover, in his Complaint, the Plaintiff requests nine million dollars in compensatory damages and punitive damages in the amount of 1% of Apria's gross profits for the year preceding the incident. Thus, the amount of potential damages is significant.

Finally, the Plaintiff argued that the settlement agreements contain confidentiality provisions and requested that in the event the Court granted Apria's Motion, the Court enter a protective order. The Court is mindful of the wishes of Plaintiff and finds that the settlement agreements and checks shall be subject to an agreed protective order summited by the parties. Upon entry of the protective order, the settlement agreements and checks shall be immediately provided to Apria.

## IV. CONCLUSION

Based on the foregoing conclusions, the Court **GRANTS** Apria's Motion to Compel [**Doc. 186**], **GRANTS in part and DENIES in part** Plaintiff's Motion for a Protective Order [**Doc. 189**], and **DENIES as MOOT** Precision Medical's and Howard Berger's Motions for Protective Orders [**Docs. 183 and 188**].

**IT IS SO ORDERED.**

ENTER:

United States Magistrate Judge