UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KENNETH L. KELLEY, as the son, next of kin, and heir at law of JIMMY L. KELLEY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 3:13-cv-096-PLR-HBG ) |
| APRIA HEALTHCARE, INC., | ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendant Apria Healthcare Inc.'s Motion for Leave to File Under Seal [Doc. 236], which was filed on June 3, 2016. In its Motion, the Defendant moves the Court for permission to file the following documents under seal:

1. Motion for Summary Judgment;

2. All exhibits to Motion for Summary Judgment, including confidential settlement documents marked as Exhibits 1-3 and HIPAA protected medical records of decedent, Jimmy L. Kelley;

3. Memorandum of Law in Support of Motion for Summary Judgment; and

4. Statement of Undisputed Material Facts in support of Motion for Summary Judgment.

The Defendant argues that there is good cause to file the above documents under seal because they are based, in part, on a Release of All Claims, which is subject to an Amended Stipulation and Protective Order. In addition, the Defendant avers that it relies on medical

records of the decedent, Jimmy L. Kelley, which are protected under HIPPA. The Plaintiff has not responded to the instant motion, and the time for doing so has expired.

Local Rule 26.2 provides as follows: "Except as otherwise provided by statute, rule, or order, all pleadings and other papers of any nature filed with the Court . . . shall become a part of the public record of this Court." E.D. Tenn. L.R. 26.2(a). In order to seal any part of the record, a party must show good cause. E.D. Tenn. L.R. 26.2(b). In this District, discrete redacting of documents or selective sealing is generally preferred over the wholesale sealing of documents. See E.D. Tenn. L.R. 26.2; E.D. Tenn. ECF R & P at § 12; see also PPG Inc., v. Payne, No. 3:10-CV-73, 2010 WL 2158807 (E.D. Tenn. May 25, 2010) (Jordan, J.) and In re Southeastern Milk Antitrust Litig., 666 F. Supp. 2d 908, 912 (E.D. Tenn. 2009) (Greer, J.). The Court will not seal entire briefs absent an appropriate showing of good cause because such sealing prevents the Court from referencing the arguments contained in the sealed documents when drafting its decision.

Recently, the Sixth Circuit reiterated that "courts have long recognized . . . a 'strong presumption in favor of openness' as to court records." Shane Group, Inc. v. Blue Cross Blue Shield of Michigan, No. 15-1544, --F.3d--, 2016 WL 3163071, at *3 (6th Cir. June 7, 2016) (quoting Brown & Williamson Tobacco Corp. v. F.T.C., 710 F.2d 1165, 1179 (6th Cir. 1983)). The Sixth Circuit continued that the burden of overcoming the presumption is a heavy one and that the "proponent of sealing . . . must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" Id. (quoting Baxter Int'l, Inc., Abbott Labs., 297 F.3d 544, 545 (7th Cir. 2002)).

The Defendant requests that the Court seal its entire Motion for Summary Judgment and all the related filings, including 445 pages of exhibits. The Court has reviewed these filings and

finds that the Defendant has failed to show good cause for the wholesale sealing of these documents. For instance, in the Motion for Summary Judgment and the Memorandum of Law, a majority of the pages are devoted to legal arguments. The Court notes that in its previous Memorandum and Order [Doc. 232], it allowed the parties to submit an "agreed protective order" with respect to certain settlement agreements. However, "there is a stark difference between so-called 'protective orders' entered pursuant to the discovery provisions of Federal Rule of Civil Procedure 26, on the one hand, and orders to seal court records." Id. at *2. Accordingly, the Defendant has not shown good cause.

Because it remains unclear as to what documents should be publicly filed, sealed, and/or redacted, the Court **DIRECTS** the Defendant to analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations for each document it wishes to be filed under seal. The Defendant is **ORDERED** to refile its proposed filings within (14) days of filing the instant Order. Accordingly, the Defendant's Motion for Leave to File Under Seal [**Doc. 236**] is **HELD IN ABEYANCE**. Both parties are hereby advised that if any designation inhibits the District Judge's ability to construct an opinion, she may elect to revisit any redactions or sealing of records.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge