IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KENNETH KELLEY, as the son, next of kin and heir at law of JIMMY L. KELLEY, deceased<br><br>    Plaintiff,<br><br>vs.<br><br>APRIA HEALTHCARE, INC.,<br><br>    Defendant. | Case No. 3:13-CV-00096<br><br>JURY DEMAND<br>Reeves/Guyton |

**PLAINTIFF'S MOTION TO EXCLUDE DEFENDANT'S EXPERT WITNESSES AND/OR MOTION IN LIMINE REGARDING EXPERT TESTIMONY**

Comes the Plaintiff, through counsel, and moves the court exclude the Defendant's experts Jerry Carter and Joseph T. Hannan, M.D. These two experts' testimony will be unable to meet the requirements of Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993)*. Dr. Hannan is not qualified to give an opinion as to the decedent's life expectancy and his opinions are not based on any scientific basis or facts and are mere conjecture. Plaintiff does not dispute that Mr. Carter is a qualified fire expert, but his opinions here are not based upon any scientific basis or facts and are mere conjecture. For these reasons, the Court should exclude these two experts from testifying at trial.

Additionally or in the alternative, the Plaintiff requests that all of the Defendant's experts (including Mr. Carter and Dr. Hannan should they be allowed to testify) be prevented from testifying as to the decedent's life expectancy, potential causes of the fire, that the decedent was smoking prior to the incident, that the incident was caused by the decedent smoking, or that any of the medical devices that the decedent was using or any of these devices' component parts

were defective, malfunctioned, or were the source of ignition or cause of the fire that killed the decedent. There is no evidence that the decedent was smoking or that any medical device or component part was defective, malfunctioned, or was the source of ignition or cause of the fire that killed the decedent.

The Plaintiff's requests that this motion be granted without a *Daubert* hearing because the expert's disclosures, deposition testimony, and the rest of the record make it clear that the expert testimony should be excluded. In the alternative, the Plaintiff requests that the Court schedule a *Daubert* hearing to assist the Court in ruling on this Motion.

Respectfully submitted this 16th day of November, 2016.

/s/ Eric B. Foust
Eric B. Foust (BPR# 029808)
LAW OFFICES OF ERIC B. FOUST
422 S. Gay Street, Suite 302
Knoxville, TN 37902
Phone: 865-250-5182
eric@foustlawfirm.com

and

/s/ Dan Channing Stanley
Dan Channing Stanley BPR#021002
STANLEY & KURTZ, PLLC
422 South Gay Street, Suite 301
Knoxville, Tennessee 37902
Telephone: (865) 522-9942

*Attorneys for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated

on the electronic filing receipt. All other parties will be served by regular U.S. mail, postage prepaid. Parties may access this filing through the Court's electronic filing system.

/s/  Eric B. Foust