UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| Kenneth Kelley, as the son, next of kin, and heir at law of JIMMY KELLEY, deceased, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>APRIA HEALTHCARE, LLC, )<br>)<br>Defendant. ) | No. 3:13-cv-00096<br>REEVES/GUYTON |

## MEMORANDUM OPINION AND ORDER

Before the Court is Kenneth Kelley's motion to strike the amended answer filed by Apria Healthcare, LLC, or alternatively to strike the answer's affirmative defenses. [D. 296]. Kelley contends that the answer was filed over a year late and barely a month before trial, so it should be struck. Apria argues that the answer was not tardy and that Kelley had notice of the affirmative defenses in it.

The answer must be struck. Apria's answer was filed late. On December 1, 2015, the court rescheduled trial for February 14, 2017. According to the scheduling order, this moved the dispositive motion deadline to September 19, 2016. Apria filed its motion for summary judgment on September 1. The Court construed the motion as a motion for summary judgment or, in the alternative, for judgment on the pleadings under Rule 12(c), and the Court denied it on November 22. Under Federal Rule of Civil Procedure 12(a)(4)(A), Apria had 14 days from this point to file its answer. Apria filed its answer on January 4, 2017—29 days late.

1

The Court cannot overlook this tardiness. The Court may extend deadlines only "on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). The parties go back and forth about whether the late filing amounts to excusable neglect. But excusable neglect does not decide the issue. Rather, Apria has not filed a motion to extend the answer deadline, nor has it even asked the Court for an extension. The Court thus has no choice: the answer must be struck. *See Fed. Home Loan Mortg. Corp. v. Gilbert*, No. 2:14-cv-2509-SHL-cgc, 2015 WL 10818658, at *7 (W.D. Tenn. June 10, 2015); *Stevens v. Liberty Ins. Corp.*, No. 11-14695, 2012 WL 2408719, at *1 (E.D. Mich. June 26, 2012).

Apria asks the Court to construe its response to Kelley's motion as a motion to amend its answer. But a motion to amend would also be untimely. Under the scheduling order, pleadings cannot be amended within 150 days of trial. [D. 124 ¶ 6.a]. Apria's response was filed 20 days before trial. It too is untimely. Without a motion for extension of time, the Court is required to strike the amended answer. Kelley's motion to strike [D. 296] is **GRANTED**.

_____
**UNITED STATES DISTRICT JUDGE**

2